

# Missouri Court of Appeals

## Southern District

### Division One

ROBERT ANTHONY WAGNER, )
)
    Petitioner-Respondent, )
)
vs. ) No. SD33572
) Filed: February 4, 2016
DIRECTOR OF REVENUE, )
STATE OF MISSOURI, )
)
    Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Scott L. Bernstein, Associate Circuit Judge

## AFFIRMED

The Director of Revenue ("the DOR") appeals the trial court's judgment excluding the results of Robert Anthony Wagner's ("Wagner") breath test and reinstating his driving privileges after those privileges were revoked by the DOR. The trial court found that the DOR failed to lay a proper foundation for admission of Wagner's breath test results because the breath analyzer machine on which his breath test was conducted was calibrated using only one standard solution whereas tests utilizing three standard solutions of different strengths were required by 19 C.S.R. 25-30.051(2) (2012), which was the specific Department of Health and Senior Services (the "DHSS") regulation in effect at the time of Wagner's breath test. Because our decision is governed by *Stiers v. Director of Revenue*, ___S.W.3d___, No. SC94840, 2016 WL 143230 (Mo. banc 2016), we affirm the judgment of the trial court.

## Facts and Procedural History

On July 13, 2013, after Wagner was stopped by law enforcement on suspicion of leaving the scene of a boating accident, Wagner admitted to consuming alcohol and consented to field sobriety tests and a breathalyzer test. After Wagner tested positive for signs of intoxication, law enforcement officers placed Wagner under arrest and transported him to the Crawford County Sheriff's Department. There, Wagner agreed to an additional Datamaster breath analyzer test. The Datamaster unit used to administer this test had been verified using a .10 percent vapor concentration solution.

After Wagner tested positive for 0.117 percent blood alcohol content, Wagner's driving privileges were suspended, pursuant to section 302.505, RSMo Cum.Supp. (2001), and section 302.525, RSMo Cum.Supp. (2008). The suspension was upheld after administrative review, pursuant to section 302.530, RSMo Cum.Supp. (2012).

Thereafter, a trial *de novo* was held on March 19, 2014. During the State's case in chief, the State attempted to introduce testimony regarding the results of Wagner's breath test. Wagner's counsel objected to the admission of this evidence because the breath analyzer at issue was not calibrated in accord with the version of 19 C.S.R. 25-30.051(2) (2012) in effect at the time of Wagner's 2013 arrest. At that time, subsection (2) stated that "[t]he standard simulator solutions used shall have a vapor concentration within five percent (5%) of the following values: (A) 0.10%; (B) 0.08%; *and* (C) 0.04%. (Emphasis added). The DOR then placed into evidence certified records, (Exhibit A), maintained by the DOR, which included a maintenance report indicating that on July 9, 2013, the machine used for Wagner's breath test was tested and a calibration check was done using only the "0.100% STANDARD" solution. The trial court allowed the introduction of the evidence subject to the objection.

On September 3, 2014, the trial court issued its "Findings of Fact, Conclusions of Law, and Judgment of the Court" finding the DOR failed to present sufficient credible evidence of compliance with 19 C.S.R. 25-30.051(2), a requirement under section 577.020.3,[1] for admissibility of a breath test result. The trial court found that while the DOR presented evidence that a "**single**" standard simulator solution was used, the DOR presented no evidence of use of any other standard simulator solutions as required by 19 C.S.R. 25-30.051(2) (2012). As a result, the trial court found that the DOR failed to meet its burden of proving sufficient credible evidence that Wagner drove with a blood alcohol concentration at or above .08 percent. The trial court ordered the administrative alcohol suspension removed from Wagner's driving record and his driving privileges be reinstated. This appeal followed.

In two points on appeal, the DOR asserts the trial court erred in excluding the results of the breath test and reinstating Wagner's driving privilege because: (1) the breath analyzer used had been properly verified and calibrated according to applicable DHSS' regulations; and (2) the trial court applied the wrong version of the DHSS's regulation governing the verification and calibration of breath test devices in that regulation is procedural, and therefore the updated version in effect at the time of trial—requiring only one concentration calibration check—should be given retroactive application.

Both of the DOR's points are encompassed by the recent holding of our supreme court in *Stiers*. Contrary to the DOR's first point, *Stiers* holds that the 2012 version of 19 CSR

---

[1] Section 577.020.3 reads:

> To be considered valid, chemical analysis of the person's breath, blood, saliva, or urine shall be performed, according to methods approved by the state department of health and senior services, [found at 19 C.S.R. 25-30.011-.080], by licensed medical personnel or by a person possessing a valid permit issued by the state department of health and senior services for this purpose

3

25-30.051(2) required that breath analyzers be calibrated with all three solutions: .10, .08, and .04%. *Stiers*, at \*3-4. Point I is denied.

The supreme court also held, in contravention of the DOR's Point II, that the version of 19 CSR 25.30.051 to be applied was that in effect at the time the breath test was given, not that in effect at the time of trial. Point II is denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J., - AUTHOR

JEFFREY W. BATES, J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS